UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA            CASE NO:    8:14-CR-00063-SCB-TBM-1

v.

JOSE GREGORIO MORENO CACERES

**SENTENCING MEMORANDUM**

COMES NOW THE DEFENDANT, JOSE GREGORIO MORENO CACERES (hereinafter "Mr. Moreno"), by and through Undersigned Counsel, and files this sentencing memorandum and requests a reasonable sentence and states as follows:

**1. Offense Conduct**

Beginning in 2011, Mr. Moreno and his co-defendants began working for a drug trafficking organization that was responsible for sending cocaine trafficking ventures. PSR 4 ¶ 10. Mr. Moreno disputes the allegations in the PSR that state he was responsible for organizing these trafficking ventures. He never recruited mariners, his role was to check out the go fast vessels before they launched to ensure everything was ready. Mr. Moreno maintains he has only participated in 6 trafficking ventures.

Mr. Moreno was indicted by a Grand Jury in the Middle District of Florida charging Mr. Moreno and his co-defendants with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while on a boat subject to United States jurisdiction and the substantive offense of actual possession with intent to distribute, all in violation of 21 U.S.C. 960. PSR 3 ¶2-3. On July 12, 2016, Mr. Moreno entered a guilty plea to count one pursuant to a plea agreement before Magistrate Judge Thomas McCoun, III. PSR 3 ¶5. The Court accepted the

guilty plea and adjudicated Mr. Moreno guilty. The Government has agreed to dismiss count

Two pursuant to the plea agreement. PSR 3 ¶6.

**2.    PSR Guideline Calculation**

The PSR credits Mr. Moreno with at least 11,684 kg of cocaine. PSR 5 ¶ 25. Mr. Moreno objects to this quantity as it results from vastly overstating his role with the drug trafficking organization. Mr. Moreno maintains that he was responsible for less than 5,000 kg of cocaine. In any event, his base offense level is properly scored at 38. PSR 6 ¶30. He is given a three-point reduction for acceptance of responsibility. PSR 7 ¶ 37-38. He is given a four-point adjustment for being an organizer or leader, which adds 4 points and precludes safety valve relief. PSR 6 ¶33. Mr. Moreno is properly scored as criminal history category I.

**3.    Objection to Organizer Enhancement**

Mr. Moreno objects to the 4-point enhancement under U.S.S.G. §3B1.1(a). At no point was Mr. Moreno an organizer or leader. He did not organize trips, he simply aided in making sure the go fast vessels were properly loaded right before they embarked. Mr. Moreno did not provide GPS coordinates to any of the mariners of where law enforcement was located, and he did not recruit mariners for the drug trafficking organization.   The four-point upward adjustment should be removed. This would then allow Mr. Moreno a further reduction under safety valve provisions, giving him a 6 point swing, resulting in a total offense level of 33 and a guideline range of 135-168.


**4. Request for Sentence of 120 months imprisonment.**

Mr. Moreno respectfully requests that this Court give a variance from the guideline sentence and impose a sentence of 120 months imprisonment. A district court's discretion is no

longer limited by the guidelines since its matrix is now considered merely advisory. *United States v. Booker*, 543 U.S.220, 245-67, 125 S. Ct. 738, 757-69 (2005). Thus, a court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 116 S. Ct. 2035 (1996). The use of the Guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. *Booker*, 543 U.S. at 244-45, 125 S. Ct. at 757-69 (Part Two, Breyer, J.). Moreover, the contention that the Guidelines enjoy a presumption of reasonableness in the District Courts, has been rejected.

> We repeat that the presumption before us is an appellate court presumption. Given our explanation in Booker that appellate "reasonableness" review merely asks whether the trial court abused its discretion, the presumption applies only on appellate review. The sentencing judge, as a matter of process, will normally begin by considering the pre-sentence report and its interpretation of the Guidelines. [T]he sentencing court] may hear arguments by prosecution or defense that the Guidelines sentence should not apply, perhaps because (as the Guidelines themselves foresee) the case at hand falls outside the "heartland" to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a different sentence regardless . . . In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.

*Rita v. United States*, 551 U.S. 338, 351, 127 S.Ct. 2456, 2465, (2007). (citations omitted).

A variance from the advisory guidelines is warranted in Mr. Moreno's case, primarily when considering the nature and circumstances of the offense and the history and characteristics of the defendant. In this case, Mr. Moreno actively sought to cooperate with U.S. authorities and to turn himself in upon finding out he was being prosecuted in the United States. Unfortunately, there was a mix-up in arrangement and he was arrested. Mr. Moreno is in poor health, suffering from complications from colon issues. A number of tests have been conducted while the Defendant has been in custody, but his issues continue. Furthermore, Mr. Moreno has been in

custody since May 29, 2015, when he was arrested and detained in the Picota prison. Having spent almost one year in a Colombian prison exposed him to harsh conditions that he would not have suffered in an American prison, co-defendant John Edward Rosales-Caicedo was sentenced to 108 months. A sentence much more than that creates the type of disparity 3553 looks to prevent. These characteristics make Mr. Moreno a deserving candidate for leniency from the Court, and granting a variance sentence of 120 months would meet the statutory requirements of 18 U.S.C. §3553.

Respectfully submitted this 15th day of February, 2017

Respectfully submitted,

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by CM/ECF system which will send an electronic filing to THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 15th day of February, 2017.

*s/Darlene Calzon Barror*
DARLENE CALZON BARROR, ESQUIRE
506 North Armenia Avenue
Tampa, Florida 33609
Tel: (813) 877-6970
Fax: (813) 879-2610
Darlene@BarrorLaw.com
Attorney for Defendant
Florida Bar No. 0860379